Case 2:16-cv-00128 Document 13 Filed in TXSD on 07/06/16 Page 1 of 4
United States District Court
Southern District of Texas
**ENTERED**
July 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CYNTHIA PALOMARES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-128 |
| | § | |
| TREND SERVICES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER REMANDING CASE

Plaintiffs, CYNTHIA PALOMARES, Individually and as Representative of the ESTATE OF LORENZO CERVANTES, DECEASED, and as next friend of JATEED CERVANTES, YAMIL CERVANTES, and LORENZO ISAIAH CERVANTES, Minors, filed this action in state court against Decedent's employer, TREND SERVICES, INC., (Trend) along with two other employees, RANDY MILAM (Milam) and GENARO ESTRADA GONZALEZ (Gonzalez), claiming negligence and gross negligence in connection with their dispatch of the decedent during severe weather. D.E. 1-1. Defendant TREND SERVICES timely removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, alleging that non-diverse Defendants, Milam and Gonzalez, were improperly joined. D.E. 1.

Before the Court is Plaintiffs' Motion to Remand (D.E. 8), arguing that the removal was improper because Plaintiffs have a viable cause of action against Milam and Gonzalez. For the reasons set out below, the motion is GRANTED.

## STANDARD OF REVIEW

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). This question is decided not on the likelihood of success on the merits but on whether the alleged cause of action exists.

> A district court need not and should not conduct a full scale evidentiary hearing on questions of fact affecting the ultimate issues of substantive liability in a case in order to make a

> preliminary determination as to the existence of subject matter jurisdiction. The question of whether the plaintiff has set forth a valid claim against the in-state defendant(s) should be capable of summary determination.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. 1981). "We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005).

## DISCUSSION

Trend's only argument to defeat the claim against Milam and Gonzalez is that, as its employees, they are not personally liable unless they owed an independent duty of care to the decedent. *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005); *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). They point out that Plaintiffs' pleadings, which are factually cryptic, contain no such allegation of duty.

Plaintiffs respond that courts applying Texas law have recognized that there are legitimate causes of action against employees, personally, when they were directly and personally involved in the specific negligence forming the basis of the claim. *E.g., Bell v. Wal-Mart No. 2978/SAM*, No. 4:11-cv-576-A, 2011 WL 5022815, *1, 3 (N.D. Tex. October 18, 2011) and *Gonzalez v. Wal-Mart Stores Texas, LLC*, No. 2:13-cv-65, 2013 WL 1827924, *1 (S.D. Tex. April 30, 2013). Trend does not dispute this proposition. D.E. 10, p. 4.

As alleged in the state court petition, Defendants Milam and Gonzalez were the individuals who knowingly dispatched Plaintiffs' decedent, Lorenzo Cervantes, to pump

out a holding tank in severe weather conditions, causing Cervantes to suffer fatal injuries in a single vehicle accident while returning from the dispatched location. D.E. 1-1. According to Trend, Plaintiffs' pleadings are "too general and conclusory to establish a reasonable basis of independent liability against [Milam and Gonzalez]." D.E. 1, p. 5. But the question is not whether the pleadings are sufficiently specific, but whether there is any cause of action on which Plaintiffs could recover. As stated above, the very heavy burden of negating any possible cause of action is on Defendant Trend. Trend has not satisfied that burden.

## CONCLUSION

On this record and under the standard of review by which all ambiguities are resolved in favor of remand, the Court GRANTS the motion and REMANDS this action to the 79th Judicial District Court of Jim Wells County, Texas, the court from which it was removed.

ORDERED this 6th day of July, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE